UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-1480 CAS (OPx) | Date | September 17, 2013 |
|---|---|---|---|
| Title | CINDY DUPRE V. MOUNTAIN WEST FINANCIAL INC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers:)** MOTION FOR TEMPORARY RESTRAINING ORDER (Docket #16, filed September 13, 2013)

## I.   INTRODUCTION

Plaintiff Cindy Dupre filed this case in this Court on August 19, 2013, against defendants Mountain West Financial Inc., Citibank, N.A., Quality Loan Services Corporation, Nationstar Mortage LLC, Mortgage Electronic Registration System, and Does 1 through 100, inclusive.

In brief, plaintiff alleges that, on or about April 12, 2007, she obtained a home mortgage from defendant Mountain West Financial, Inc., to purchase a property located at 527 Division Drive, Big Bear City, CA 92314 ("the property"). Compl. ¶ 29. Plaintiff alleges that her loan was improperly transferred to defendant Citibank, N.A., for the purpose of packaging it into a mortgage-backed security. Id. ¶¶ 30–50. At some point subsequent to this transfer, a notice of default was recorded against plaintiff, and defendants are now attempting to foreclose on the property.

Plaintiff alleges claims for (1) lack of standing to foreclose, (2) intentional infliction of emotional distress, (3) slander of title, (4) quiet title, (5) recission and (6) declaratory relief. On September 9, 2013, plaintiff filed her second motion for a temporary restraining order, seeking to prevent defendants from holding a foreclosure sale that is allegedly scheduled for September 20, 2013.
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1480 CAS (OPx) | Date | September 17, 2013 |
|---|---|---|---|
| Title | CINDY DUPRE V. MOUNTAIN WEST FINANCIAL INC ET AL. | | |

## II. ANALYSIS

Before this court can reach plaintiff's motion for a temporary restraining order, the Court must consider whether it has subject matter jurisdiction over this action. The Court has the power and the duty to *sua sponte* question the existence of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Franklin v. Oregon Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981).

Here, plaintiff claims that this Court has subject matter jurisdiction based on diversity of citizenship. Compl. ¶ 10. "Section 1332 of Title 28 confers jurisdiction on federal courts where there is diversity of citizenship between plaintiffs and defendants. Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008) (citations omitted). Moreover, plaintiff bears the burden of establishing complete diversity. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Here, plaintiff has not met her burden of establishing complete diversity. The complaint alleges that plaintiff is a citizen of California. Compl. ¶ 1. The only allegations regarding defendants' residence or citizenship are several statements that defendants "do[] business" in California. Compl. ¶¶ 2–6. Assuming that these statements are intended as allegations concerning defendants' citizenship, plaintiff and defendants are not completely diverse. Even if these allegations that defendants "do[] business" in California are not intended as allegations about defendants' citizenship, plaintiff has still not met her burden of showing complete diversity—the complaint contains, with one exception, no other allegations regarding defendants' citizenship.[1] Therefore, because the Court finds that plaintiff has not met her burden of establishing diversity, the Court cannot exercise jurisdiction on the basis of diversity of citizenship. Moreover, because plaintiff's complaint asserts only state law claims, it does not appear that the Court may exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Accordingly, there does not appear to be a basis for the exercise of this Court's

---

[1] The one exception is an allegation that defendant Nationstar Mortgage, LLC, has its principal place of business in Texas. Compl. ¶ 5. The complaint does not specify the principal place of business of the other defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1480 CAS (OPx) | Date | September 17, 2013 |
|---|---|---|---|
| Title | CINDY DUPRE V. MOUNTAIN WEST FINANCIAL INC ET AL. | | |

subject matter jurisdiction over this case. Due to this lack of subject matter jurisdiction, the court declines to consider plaintiff's motion for a temporary restraining order. See Cornhusker Cas. Co. v. O'Neill Plumbing Co., 143 F. App'x 762, 763 (9th Cir. 2005) (finding that because "there is no diversity among the parties, and we lack subject matter jurisdiction," the court "cannot consider the merits of the claim"). In light of the imminent foreclosure sale, and the fact that this Court does not have a basis for exercising subject matter jurisdiction over this case, it appears that this case could be refiled in San Bernardino County Superior Court.

### III. CONCLUSION

In accordance with the foregoing, plaintiff is ORDERED to show cause on or before September 30, 2013, why this case should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | MS | |