UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 5:13-cv-01480-CAS(OPx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | CINDY DUPRE V. MOUNTAIN WEST FINANCIAL INC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): MOTION TO DISMISS (Dkt. 66, filed June 5, 2014)

MOTIONS FOR JOINDER IN MOTION TO DISMISS (Dkts. 69, 72, filed June 5, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 14, 2014, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION AND BACKGROUND

Plaintiff Cindy Dupre, proceeding pro se, filed this case in this Court on August 19, 2013, against defendants Mountain West Financial Inc. ("Mountain West"), Citibank, N.A., Quality Loan Services Corporation, Nationstar Mortgage LLC ("Nationstar"), Mortgage Electronic Registration System ("MERS"), Aurora Loan Services ("Aurora"), and Does 1 through 100, inclusive. By order dated April 21, 2014, the Court dismissed with prejudice all of the claims in plaintiff's second amended complaint ("SAC"), including claims for (1) lack of standing to foreclose, (2) fraud in the concealment, (3) fraud in the inducement, (4) intentional infliction of emotional distress, (5) quiet title, (6) slander of title, (7) declaratory relief, (8) violation of the Truth in Lending Act, 15 U.S.C. § 1601, et seq., (9) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq., and (10) rescission.

However, the Court granted plaintiff leave to amend with regard to two new allegations made at the hearing on April 21, 2014, as to defendant Nationstar. Dkt. 60. At the hearing, plaintiff stated that Nationstar "(1) instructed her to stop making payments on her mortgage and (2) breached a 'verbal agreement' with her not to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 5:13-cv-01480-CAS(OPx) | Date | July 10, 2014 |
| Title | CINDY DUPRE V. MOUNTAIN WEST FINANCIAL INC ET AL. | | |

foreclose on the property." Id. The Court instructed plaintiff that those claims alone could be asserted in an amended complaint. Id.

The operative third amended complaint ("TAC") asserts claims for wrongful foreclosure and promissory estoppel. Dkt. 62. On June 5, 2014, defendants moved to dismiss the TAC and concurrently moved to strike the TAC's previously dismissed allegations and its claim for punitive damages. Dkts. 66, 67. On June 23, 2014, plaintiff filed oppositions to both motions. Dkts. 74, 75. On June 30, 2014, defendants replied. Dkts. 78, 79.

Plaintiff alleges that, on or about April 12, 2007, she obtained a $532,000 home mortgage from defendant Mountain West, to purchase a property located at 527 Division Drive, Big Bear City, CA 92314 ("the property"). TAC 3. This mortgage was secured by a deed of trust in favor of First American Title Insurance Company and a promissory note in favor of defendant Mountain West.[1] TAC 3, 4. Although not specifically alleged by plaintiff, the deed of trust was apparently assigned to defendant Aurora in 2010 and then to defendant Nationstar in 2012. Mot. 2-3.

Defendants' motions are now before the Court. After carefully considering the parties arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

---

[1] Plaintiff's Second Amended Complaint ("SAC") alleged that the mortgage was secured by a deed of trust in favor of defendant Mountain West, which was later transferred to defendant MERS. SAC ¶¶ 30, 34.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| Case No. | 5:13-cv-01480-CAS(OPx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | CINDY DUPRE V. MOUNTAIN WEST FINANCIAL INC ET AL. | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 5:13-cv-01480-CAS(OPx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | CINDY DUPRE V. MOUNTAIN WEST FINANCIAL INC ET AL. | | |

could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## III. ANALYSIS

Plaintiff alleges claims for wrongful foreclosure and promissory estoppel against defendants Aurora and Nationstar. See TAC 1. The Court does not discuss plaintiff's wrongful foreclosure claim because it largely recapitulates previously dismissed claims relying on allegations about the securitization of plaintiff's mortgage. See dkt. 60. Because the Court previously dismissed these allegations in the SAC without leave to amend, the Court does not reach the re-pled wrongful foreclosure claim in the TAC. The few factual allegations unrelated to securitization that appear in the wrongful foreclosure claim also support the promissory estoppel claim, and are discussed in that context.

Plaintiff's promissory estoppel claim alleges that in 2009 and 2010, Aurora told plaintiff that "all mortgage payments needed to stop in order for Plaintiff to qualify for a home loan modification." TAC 13. Plaintiff states that she thereafter defaulted and submitted loan modification documents to Aurora, which denied the modification application and began foreclosure proceedings. Id. Plaintiff further alleges that after this lawsuit was filed in 2013, Nationstar foreclosed on and sold her home despite repeatedly promising her and her realtor that it would not do so while this litigation continued. See TAC 13.

To allege a claim for promissory estoppel, plaintiff must allege (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise was made, (3) substantial detriment or injury caused by the reliance on the promise, and (4) damages measured by the extent of the obligation assumed and not performed. U.S. Ecology, Inc. v. State, 129 Cal. App. 4th 887, 901 (2005).

Plaintiff's promissory estoppel claim against defendant Aurora fails for two reasons. First, plaintiff was not given leave to amend her SAC as to Aurora. See dkt. 60. Second, plaintiff has not identified a promise made to her by Aurora. The TAC alleges that Aurora told plaintiff she could only qualify for a loan modification if she stopped making mortgage payments, not that she would qualify if she did so. TAC 13. Thus, plaintiff fails to make out a prima facie promissory estoppel claim because she does not articulate what clear and unambiguous promise Aurora made to her. See, e.g., Grill v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| Case No. | 5:13-cv-01480-CAS(OPx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | CINDY DUPRE V. MOUNTAIN WEST FINANCIAL INC ET AL. | | |

BAC Home Loans Servicing, 2011 WL 127891, at *7-8 (E.D. Cal. Jan. 14, 2011) (finding no promise where mortgagor's loan modification documents "expressly placed plaintiff on notice that issuance of a loan modification was not guaranteed by simply sending in the requested documentation and making trial period payments"); Macris v. Bank of America, 2012 WL 273120, at *8 (E.D. Cal. Jan. 30, 2012) (finding no clear promise in mortgagee's acceptance of mortgagor's federal loan modification documents); Hosseini v. Wells Fargo Bank, 2013 WL 4279632, at *6 (N.D. Cal. Aug. 9, 2013) (finding allegation that mortgagee bank would "provide good faith evaluation" of loan modification application was not a clear promise for promissory estoppel purposes). Accordingly, the Court dismisses plaintiff's promissory estoppel claim against Aurora.

     Plaintiff's promissory estoppel claim against Nationstar also fails. First, the Court finds that plaintiff has not sufficiently alleged a clear and unambiguous promise made by Nationstar. Plaintiff contends that communications between Nationstar and her realtor, along with phone conversations she had with Nationstar, establish the existence of a promise. See TAC 14. First, plaintiff alleges that Nationstar contacted her realtor, Tara Hart, and informed Hart that plaintiff's pending attempts to sell her property would be stayed pending the outcome of this litigation. TAC 14. However, Hart's affidavit merely confirms that Nationstar stated that it would not allow plaintiff to sell the property while this litigation continued. See Hart Aff., attached to TAC, dkt. 62 at 42. Hart's affidavit is silent as to any promises Nationstar made about when it would foreclose on the property. Id.

     Plaintiff also states that she repeatedly called Nationstar during the winter of 2013 to confirm that it would not foreclose while this action continued. See TAC 14. However, plaintiff does not claim that Nationstar actually promised not to foreclose. Id. The absence of concrete factual detail as to the alleged promise undermines plaintiff's allegation. See Dooms v. Federal Home Loan Mortg. Corp., 2011 WL 1232989 (E.D. Cal. Mar. 31, 2011) (dismissing a promissory estoppel claim where plaintiff did not substantiate terms of defendant's alleged mortgage modification offer or tie it to any particular defendant representative). Accordingly, the Court finds that plaintiff has not shown that Nationstar made a clear and unambiguous promise not to foreclose her property while this case continued.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| Case No. | 5:13-cv-01480-CAS(OPx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | CINDY DUPRE V. MOUNTAIN WEST FINANCIAL INC ET AL. | | |

Second, the Court finds that plaintiff has not alleged that she reasonably relied on Nationstar's statement to her detriment. A plaintiff must allege facts that show how her position worsened because of her reasonable reliance on a defendant's alleged promise. See Smith v. City and County of San Francisco, 225 Cal. App. 3d 38, 48 (1990). When a mortgagor plaintiff asserting a promissory estoppel claim fails to allege how she would have been successful in mitigating her losses or improving her position, "dismissal is proper because the complaint lacks 'a connection between her reliance on the alleged promise and losing her home[.]'" Nong v. Wells Fargo Bank, 2010 LEXIS 136464, at *9 (C.D. Cal. Dec. 6, 2010) (quoting Newgent, 2010 WL 761236, at *7).

Here, plaintiff states that, in reliance on Nationstar's alleged statement that it would not foreclose while this litigation continued, she did not pursue "refinancing with another lender, marketing and selling the property through two short sales, and or restructuring through full pursuit of bankruptcy." TAC 15. However, Nationstar's alleged promise was at most to delay foreclosure during the pendency of the litigation. Plaintiff has not shown why she would rely on a temporary delay in foreclosure in choosing not to pursue these other options. See Lazo v. Bank of America, 2012 WL 1831577, at *8 (N.D. Cal. May 18, 2012) (dismissing a promissory estoppel claim where mortgagor plaintiffs' alleged alternatives could have been pursued during a loan modification trial period). Accordingly, the Court dismisses the promissory estoppel claim against Nationstar.

### III. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss.[2] Because it does not appear that further amendment will cure the deficiencies in plaintiff's current claims, the Court dismisses those claims with prejudice. See Schreiber Distrib. Co., 806 F.2d at 1401.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[2] Because the Court grants defendants' motion to dismiss, it denies defendants' motion to strike as moot. Dkt. 67.