UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 5:13-cv-01480-CAS(OPx) | Date | August 23, 2016 |
| Title | CINDY DUPRE v. MOUNTAIN WEST FINANCIAL INC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                 Not Present

**Proceedings:**     (IN CHAMBERS) - DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS (Dkt. 92, filed on July 13, 2016)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 29, 2016 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

On August 19, 2013, plaintiff Cindy Dupre ("plaintiff"), proceeding *pro se*, filed the instant action against defendants Mountain West Financial Inc. ("Mountain West"); Citibank, N.A. ("Citibank"); Quality Loan Services Corporation ("Quality Loan"); Nationstar Mortgage LLC ("Nationstar"); Mortgage Electronic Registration System ("MERS"); Aurora Loan Services ("Aurora"), and Does 1 through 100, inclusive.

In an order dated April 21, 2014, the Court dismissed with prejudice all of the claims in plaintiff's second amended complaint ("SAC"), including claims for (1) "lack of standing to foreclose," (2) fraud in the concealment, (3) fraud in the inducement, (4) intentional infliction of emotional distress, (5) quiet title, (6) slander of title, (7) declaratory relief, (8) violation of the Truth in Lending Act, 15 U.S.C. § 1601, et seq., (9) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq., and (10) rescission. However, the Court granted plaintiff leave to amend with regard to two new allegations made at the hearing on April 21, 2014, as to defendant Nationstar. Dkt. 60. At the hearing, plaintiff stated that Nationstar "(1) instructed her to stop making payments on her mortgage and (2) breached a 'verbal agreement' with her not to foreclose on the property." Id. The Court instructed plaintiff that those claims alone could be asserted in an amended complaint. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-01480-CAS(OPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | CINDY DUPRE v. MOUNTAIN WEST FINANCIAL INC, ET AL. | | |

On May 19, 2014, plaintiff filed a third amended complaint ("TAC") asserting claims for wrongful foreclosure and promissory estoppel. Dkt. 62. On June 5, 2014, defendants moved to dismiss the TAC and concurrently moved to strike the TAC's previously dismissed allegations and its claim for punitive damages. Dkts. 66, 67.

In an order dated July 10, 2014, the Court found that Dupre's wrongful foreclosure claim was improperly asserted "because it largely recapitulates previously dismissed claims relying on allegations about the securitization of plaintiff's mortgage." Dkt. 84, at 4. The Court further concluded that Dupre's "promissory estoppel claim against defendant Aurora fail[ed] for two reasons. First, plaintiff was not given leave to amend her SAC as to Aurora." Id. "Second, plaintiff ha[d] not identified a promise made to her by Aurora." Id. The Court also found that Dupre's "promissory estoppel claim against Nationstar . . . fail[ed]" because Dupre did not sufficiently allege a clear and unambiguous promise made by Nationstar or facts showing she reasonably relied on Nationstar's statement to her detriment. Id. at 5. Accordingly, the Court dismissed plaintiff's TAC with prejudice. On August 5, 2014, Dupre timely filed a notice of appeal, which is fully briefed and is pending before the Ninth Circuit.

However, on June 6, 2014, shortly before the Court dismissed Dupre's TAC with prejudice, Dupre recorded a Notice of Pendency of Action or Lis Pendens in the San Bernardino County Recorder's Office. See Dkt. 93 ("Request for Judicial Notice"), Ex. A ("the June 2014 lis pendens").[1]

The following year, on March 19, 2015, plaintiff also filed a second lawsuit in the San Bernardino County Superior Court against the defendants sued in this case. See

---

[1] Defendants request that the Court take judicial notice of, *inter alia*, the following facts: (1) on June 6, 2014, a Notice of Pendency of Action or Lis Pendens was recorded in the Official Records of the San Bernardino County Recorder's Office as Document Number 2014-0206047; and (2) on March 19, 2015, a Notice of Lis Pendens was recorded in the Official Records of the San Bernardino County Recorder's Office as Document Number 2015-0107596. The Court grants defendants' request for judicial notice of these facts, as they are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-01480-CAS(OPx) | Date | August 23, 2016 |
| Title | CINDY DUPRE v. MOUNTAIN WEST FINANCIAL INC, ET AL. | | |

Dupre v. Mountain West Financial, Inc., et al., Case No. CIVDS1503771 ("the Superior Court Action"). See id., Ex. C. Around the same time, plaintiff also recorded a second Notice of Pendency of Action or Lis Pendens in the San Bernardino County Recorder's Office based upon plaintiff's filing of the Superior Court Action. See id., Ex. B ("the March 2015 lis pendens"). Based upon a review of the docket in the Superior Court Action, that case appears to have been dismissed without prejudice in June 2015 following plaintiff's failure to pay filing fees. See id., Ex. C.

On July 13, 2016, defendants filed the instant motion to expunge both of the lis pendens that plaintiff recorded against the property (i.e., the June 2014 lis pendens recorded as a result of the instant suit, as well as the March 2015 lis pendens recorded as a result of the Superior Court Action). Plaintiff has not filed an opposition to the instant motion.

## II. DISCUSSION

### A. Motion to Expunge Lis Pendens

Federal courts look to state law when deciding matters involving lis pendens. See 28 U.S.C. § 1964. Under California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a real property claim may record a notice of pendency of action, [a lis pendens], in which that real property claim is alleged." The effect of a lis pendens "is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment." BGJ Assocs., LLC v. Superior Court, 75 Cal. App. 4th 952, 966 (1999). "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." Id. at 967.

"At any time after notice of pendency of action has been recorded, any party . . . may apply to the court in which the action is pending to expunge the notice." Cal. Code Civ. Proc. § 405.30. Further, as provided by California Code of Civil Procedure §§ 405.31 and 405.32, a court shall order that the notice be expunged if (1) "the court finds that the pleading on which the notice is based does not contain a real property claim"; or (2) "the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." "Probable validity," for these purposes, means "that it is more likely than not that the claimant will obtain a judgment against the defendant on the [real property] claim." Id. at § 405.3. Crucially, *plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 5:13-cv-01480-CAS(OPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | CINDY DUPRE v. MOUNTAIN WEST FINANCIAL INC, ET AL. | | |

bears the burden of coming forward with evidence establishing that the pending action involves a real property claim and that such claim is valid. See id. at § 405.30. That is, "a motion to expunge under CCP 405.32 . . . places the burden of proof on the claimant," such that "[t]he moving party . . . need not present evidence until the claimant has initially met its burden," though the moving party may choose, as defendants have done here, to present evidence "in anticipation of the claimant's response." Id. at § 405.30, cmt. 4.

Where, as here, a party files "a motion to expunge a lis pendens after judgment against the claimant and while an appeal is pending," the district court "*must* grant the motion unless it finds it *more likely than not* that the appellate court will reverse the judgment." Amalgamated Bank v. Superior Court, 149 Cal. App. 4th 1003, 1015 (2007) (emphasis added); cf. Mix v. Superior Court, 124 Cal. App. 4th 987, 996 (2004) ("[T]he rule is this: If the claimant loses at trial, the lis pendens must be expunged unless the trial court is willing to find that the probabilities are that its *own decision* will be reversed on appeal.") (emphasis in original). Indeed, "it would completely circumvent the Legislature's intent in enacting section 405.32, [if] merely filing an appeal, no matter how meritless, would automatically keep the lis pendens in place." Mix, 124 Cal. App. 4th at 997 n.8.

Here, for the reasons stated in this Court's prior orders dismissing plaintiffs' claims in this action with prejudice, see dkts. 37, 44, and in light of plaintiff's failure to oppose defendants' motion to expunge the lis pendens, the Court cannot conclude that the Ninth Circuit will likely reverse this Court's determination that plaintiff has failed to state a claim in the instant suit.[2] Therefore, to the extent defendants' motion seeks to expunge

---

[2] The Court also notes that under the Local Rules, plaintiff's failure to file an opposition to the instant motion provides independent grounds for granting the motion. See C.D. Cal. L.R. 7–12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.1995) (per curiam) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); Holt v. I.R.S., 231 Fed. App'x. 557, at *1 (9th Cir. 2007) (same; and rejecting a pro se litigant's contention that the district court should have warned her of the consequences of failing to file an opposition).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-01480-CAS(OPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | CINDY DUPRE v. MOUNTAIN WEST FINANCIAL INC, ET AL. | | |

the June 2014 lis pendens—which grew out of the pendency of the instant suit—the motion is **GRANTED**.

However, defendants' motion also requests that this Court expunge the March 2015 lis pendens, which grew out of the pendency of a *separate* action filed in the San Bernardino County Superior Court. Defendants argue (1) that "[because] the [Superior Court Action] has been dismissed, there is no pending litigation and by definition, nothing to support the [March 2015] lis pendens," and (2) that the filing of the Superior Court Action was also "improper," as it was, in defendants' view, precluded by res judicata. Motion at 16-17.

Defendants' request that this Court expunge the March 2015 lis pendens must be denied, as this Court lacks jurisdiction to consider any such request. As California Code of Civil Procedure section 405.30 makes clear, "any party," at "any time after [a] notice of pendency of action has been recorded," may "apply *to the court in which the action is pending* to expunge the notice." Cal. Code Civ. Proc. § 405.30 (emphasis added). Plainly, the San Bernardino County Superior Court—and not the United States District Court for the Central District of California—is the "court in which the action [giving rise to plaintiff's March 2015 lis pendens] is [or was] pending." See id. Therefore, to the extent defendants' motion seeks to expunge the March 2015 lis pendens—which grew out of the pendency of plaintiff's Superior Court Action and not the instant suit—the motion is **DENIED** without prejudice.

### III. CONCLUSION

In accordance with the foregoing, defendants' motion to expunge the lis pendens is **GRANTED** in part and **DENIED** in part. Specifically, the motion is **GRANTED** as to the June 2014 lis pendens, but **DENIED** without prejudice as to the March 2015 lis pendens.

IT IS SO ORDERED.

                                                                                        00 : 00

Initials of Preparer                  CMJ